William H. TODD

v.

GRACE LINE, INC.

Civ. A. No. 26678.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1959.

Freedman, Landy & Lorry, Avram G. Adler, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Albert R. Beal, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The plaintiff, a messman aboard the SS Valchem, commenced this action in the Court of Common Pleas of Philadelphia County to recover damages for personal injuries sustained as the result of a collision at sea between that vessel and the defendant's SS Santa Rosa. The case was removed to this court upon defendant's petition.

We now have before us plaintiff's motion to remand the case to the State Court, and defendant's motion to transfer it to the United States District Court for the Southern District of New York under 28 U.S.C.A. § 1404(a).

The motion to remand avers, inter alia, that the petition to transfer did not unequivocally set forth that the amount in controversy was in excess of $10,000.

The complaint asserted that the plaintiff claimed of the defendant "a sum in excess of Five Thousand Dollars ($5000)". The petition for removal averred that "the matter in controversy AS CLEARLY APPEARS FROM THE PLEADINGS exceeds, * * *, the sum of $10,000" (emphasis supplied). It appeared from the complaint, the sole pleading filed, only that the amount in controversy exceeded $5,000.

It is not now necessary, however, to consider further the sufficiency of the averments of the removal petition in view of the admissions at bar of counsel at the time of oral argument. Upon direct inquiry by the court, plaintiff's counsel expressly stated that the amount in controversy is $10,000 and no more. Defendant's counsel, in response to like inquiry, agreed so to stipulate. Accordingly, this court is without jurisdiction and the action must be remanded to the State Court and defendant's motion to transfer must be dismissed.